UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS J. NAVARRO, | ) | 1:07-cv-00342-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION TO |
| | ) | GRANT RESPONDENT'S MOTION TO |
| v. | ) | DISMISS PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS AS MOOT; ORDER TO |
| DENNIS SMITH, | ) | FILE OBJECTIONS WITHIN TWENTY |
| | ) | DAYS |
| Respondent. | ) | (Doc. 5) |
| | ) | |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**FACTUAL AND PROCEDURAL HISTORY**

The instant petition was filed on March 2, 2007. (Doc. 1). The petition contends Petitioner was convicted of violating 18 U.S.C. § 371 and 18 U.S.C. § 1708 (conspiracy to steal U.S. mail), and sentenced to a prison term of twenty-four months. (Doc. 1, p. 3). The petition also asserts that Petitioner is now in the custody of the Bureau of Prisons ("BOP"), that he is a first-time offender, and that he is presently assigned to a prison camp without bars or fences, a fact that, in Petitioner's view, is evidence that he poses no flight risk or danger to the community. (Id.). Petitioner also alleges that he has a family to support, and that reassignment to an RRC would enable him to provide for his family and pay restitution. (Id.).

Petitioner notes that various federal courts, including this Court, have concluded that the 2002 and 2005 BOP regulations, by which the BOP has arbitrarily designated a maximum placement

time in Residential Re-Entry Centers ("RRC's")[1] equal to 10% of the prisoner's sentence, are illegal. (Doc. 1, p. 4). Petitioner contends that, under 18 U.S.C. § 3621(b), the BOP "has a duty to consider the enumerated factors set forth in the consideration of each individual prisoner on a case by case basis to determine the appropriate place of imprisonment," and, implicitly, Petitioner contends that BOP has failed to do so in his case. (Id.). Petitioner seeks an immediate placement in an RRC. (Id. at p. 4).

On May 1, 2007, Respondent filed the instant motion to dismiss, alleging that Respondent had conducted a re-evaluation of Petitioner's release date to RRC, without reference to the challenged regulations, that the relief Petitioner had requested had been afforded to him, and therefore the petition was now moot. (Doc. 5, p. 2). Respondent states, "The BOP has evaluated petitioner 'without reference to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community Corrections Policies.'" (Id.). As a result of this evaluation, the BOP determined Petitioner is to spend "45-60 days in a Residential Re-entry Center before his release." (Id.) In the motion to dismiss, Respondent has provided a copy of the completed form entitled, "Institutional Referral for CCC Placement." (Doc. 5, Exh. 3, p. 2). The form itself does not indicate the date on which the assessment was conducted.

On May 14, 2007, Petitioner filed an opposition to the motion to dismiss, contending that the BOP's Program Statement 7310.04 ("Program Statement"), which provides for an RRC placement assessment at least eleven to thirteen months before the prisoner's date of release, is a derivative of 28 CFR § 570.20-21, which courts have held to be an unlawful restriction on the BOP's exercise of discretion, and is therefore invalid. (Doc. 6, p. 2). Petitioner asks the Court to disregard the Program Statement and order the BOP to consider the immediate transfer of Petition. (Id. at p. 3).

## JURISDICTION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or

---

[1] Previously, RRC's were referred to as Community Correctional Centers, or CCC's. Documents in this case filed prior to the change in terminology refer to such placements as CCC's. However, for consistency, the Court will refer to them as RRC's.

constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.

In this case, Petitioner alleges that BOP's failure to conduct an immediate RRC placement assessment for Petitioner violates the federal courts' interpretation of the 2002 and 2005 regulations and the BOP's exercise of discretion under § 3621(b).  Petitioner is therefore challenging the legality of the manner in which his sentence is being executed.  Thus, his petition is proper under 28 U.S.C. § 2241.  In addition, because Petitioner is incarcerated at the Federal Prison Camp, Atwater, California, which is within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the petition.

### EXHAUSTION

A preliminary question is whether petitioner has exhausted available administrative remedies. Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Western Radio Services Co. v. Espy, 79 F.3d 896, 899 (9th Cir. 1996); Martinez v. Roberts, 804 F.3d 570, 571 (9th Cir. 1986); Chua Han

///

Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

The exhaustion prerequisite for filing a § 2241 petition is judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55 (1995). Thus, "[b]ecause exhaustion is not required by statute, it is not jurisdictional." Brown, 895 F.2d at 535. If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.; McCarthy v. Madigan, 503 U.S. 140, 144-145 (1992), superceded on other grounds, 42 U.S.C. §1997(e).

One of the purposes of administrative exhaustion is to allow the agency an opportunity to remedy its own mistakes before being haled into court, and this applies with particular force when the challenged action involves an exercise of the agency's discretionary power. See, McCarthy v. Madigan, 503 U.S. at 145. Thus, exhaustion of administrative remedies would be futile and should be excused if the agency lacks authority to grant the requested relief or has predetermined the issued before it. See, id. at 148.

Here, Petitioner has not indicated that he has undertaken any efforts to exhaust his administrative remedies, but does contend that exhaustion would be futile. (Doc. 1, p. 4). Respondent has not addressed the issue. As mentioned, however, futility is an exception to the exhaustion requirement. Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004). In the instant action, it is apparent that it would be futile for Petitioner to exhaust his administrative remedies because he alleges he is being denied an immediate RRC placement based on formally-adopted BOP regulations, the validity of which BOP strenuously maintains. In the Court's view, therefore, Petitioner's exhaustion of his administrative remedies is not a pre-requisite to the district court's jurisdiction over the case because of the BOP's intractable and immutable policy against the relief sought.

///

///

## DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The federal courts are "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971).

Here, the instant petition requested an order from this Court directed to the Bureau of Prisons requiring it to immediately conduct an assessment based upon the criteria in 18 U.S.C. § 3621(b), without reference to BOP policy promulgated in December 2002 and to immediately place Petitioner in an RRC nearest his place of release. (Doc. 1, p. 4). Respondent has indicated that the BOP has performed the requested assessment for RRC placement without regard to the discredited regulations. Thus, to the extent that the petition requested such an assessment, the petition is now moot, since the Court cannot order further relief in this regard.

However, Petitioner also requested an immediate placement in an RRC. The Court concludes that there is no legal basis for such a claim. Petitioner's claim that the Program Statement is derivative of the discredited regulations is misguided. Nothing in the Program Statement prevents the BOP, in the exercise of its statutory discretion, from making an earlier determination, although the Court is not aware of any statute or regulation that requires such expedited action by the BOP. In other words, the Program Statement simply insures that inmates will receive an RRC assessment sufficiently in advance of their release date to permit them to make appropriate plans prior to their transfer. Because the Program Statement does not limit or otherwise intrude on the BOP's exercise of discretion in making its RRC assessment, the Program Statement, contrary to Petitioner's assertions, is not in any way analogous to the 2002 and 2005 regulations that many courts, including this one, have found to be an illegal limitation on the discretion vested in the BOP by § 3621(b).

However, and in any event, the BOP has *already* undertaken the assessment pursuant to the Program Statement. The only import of the Program Statement is to suggest a time frame within

which an assessment must be conducted. Since the assessment is now a fait accompli, Petitioner's after-the-fact challenge of the Program Statement has no legal bearing on the issues in this case.

Similarly, Petitioner's demand for an immediate transfer to RRC is entirely unfounded. The Court is unaware of any authority requiring the BOP to conduct its RRC eligibility reviews or immediately transfer a prisoner to an RRC facility *on demand of the prisoner*. Indeed, while case law from this Court strongly suggests that Petitioner is entitled to an RRC assessment made independently of the 2002 and 2005 regulations, Petitioner cites no authority for the proposition that he has either a statutory or constitutional right to an immediate assessment or transfer.

Moreover, for good reason, the Court is reticent to micro-manage the BOP regarding inmate RRC assessments and placements. "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment....Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life...." Sandin v. Conner, 515 U.S. 472, 482 (1995). In Procunier v. Martinez, 416 U.S. 396, 404-405 (1974), overruled in part on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989), the Supreme Court explained the basis for this deference:

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration. In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions. More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention. Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism.

Although it is understandable that Petitioner would desire to be immediately transferred to an RRC rather than at some date in the future, Petitioner has given the Court no reason to doubt the bona fides of the BOP's RRC assessment of Petitioner. Since that is all Petitioner was entitled to in this habeas proceeding, and since he has now received what he was entitled to, the Petition is moot.

///

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS as follows:

1. Respondent's Motion to Dismiss (Doc. 5), be GRANTED;

2. The Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as MOOT;

3. The Clerk of Court be DIRECTED to enter judgment.

This Report and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 18, 2007**                         /s/ Theresa A. Goldner
                                                   UNITED STATES MAGISTRATE JUDGE